ALBERT E. SMALL

*vs.*

THE ALLINGTON & CURTIS MANUFACTURING COMPANY.

Cumberland.   Opinion January 29, 1901.

*Negligence.   Fellow-Servant.   Vice-Principal.*

The doctrine that a superior servant is, on that account, a vice-principal representing his master, rather than a fellow-servant with others employed by the same master and engaged in the same work, does not prevail in this state, and is not supported by the weight of authority.   The master's liability to one servant for the negligence of another in no way depends upon the superior rank of the negligent servant.

A servant of any grade may be employed in the discharge of the particular and personal duties which the master owes to the servant, as when he is engaged in the duty of providing safe, suitable and sufficient machinery and appliances. While engaged in such employment, although at other times he may be only a fellow-servant with other employees, he becomes a vice-principal and his master is liable for his negligence, because the performance of these duties can not be delegated by a master so as to relieve himself from the consequence of negligence in these respects.

The test which determines the master's liability for the negligence of one em-

ployee whereby injury is caused to another, is the nature of the duty that is being performed by the negligent servant at the time of the injury, and not the comparative grades of the two servants.

*Held;* that the evidence in this case does not disclose any negligence upon the part of the defendant. That the accident whereby the plaintiff sustained injury was caused by the negligence of the plaintiff and his fellow-servants, or some one of them; and that the defendant had performed its full duty when it had provided suitable appliances necessary for the work that was being done at the time of the accident, and had employed competent and sufficient workmen.

*Held;* also, that the defendant's superintendent, although occupying the position of a vice-principal while engaged in the performance of those duties that the defendant owed to its employees, in providing all necessary and proper appliances and materials, in the performance of the work that was being done at the time of the accident, was a fellow-servant of the plaintiff, who was employed and engaged in carrying out the same purpose, and that even if any negligence could be attributed to the superintendent in the performance of this work, it was the negligence of a fellow-servant, for which the defendant is not liable.

ON MOTION BY DEFENDANT.

Action on the case to recover for personal injuries, tried to a jury in the Superior Court, for Cumberland County. The plaintiff obtained a verdict of $500.

The case appears in the opinion.

*Enoch Foster and O. H. Hersey,* for plaintiff.

Where the negligence of the master and a co-servant employed by the master combined in causing injury to another employee, the master is not excused from liability therefor, for it is nevertheless the negligence of the master. *Myers* v. *Hudson Iron Co.,* 150 Mass. 125, 137; *Griffin* v. *B. & A. R. R. Co.,* 148 Mass. 143, 145, and cases; *Fuller* v. *Jewett,* 80 N. Y. 46, 52. In that case, as the general doctrine is held, it is stated that a negligent servant, acting under the direction of the master, is the representative of the master, and not a mere co-servant with the one who sustains the injury. The act or omission is the act or omission of the master, irrespective of the grade of the servant whose negligence caused the injury, etc.

The same principle is held in *Guthrie* v. *M. C. R. R.,* 81 Maine, 572, 579, and cases cited.

*H. R. Virgin and F. C. Payson,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. Action to recover for personal injuries alleged to have been caused by the defendant's negligence. The verdict was for the plaintiff, and the case comes here upon the defendant's motion for a new trial.

At the time of the accident, the plaintiff was in the employ of the defendant and was engaged with others in the work of hoisting and placing in position a large metal appliance, to be used for the purpose of collecting .sawdust and . shavings, and known as a dust collector. The defendant, a corporation doing business in the state of Michigan, had made a contract with the Williams Manufacturing Company, of Portland, to furnish for the latter this dust collector, and to place the same in position on top of the boiler house of its plant. This appliance had arrived in Portland, the framework within which it was to be placed had been constructed by the Manufacturing Company, as provided in the contract, and the plaintiff and other employees of the defendant had commenced hoisting the collector by means of ropes and blocks, sometimes called a double fall and tackle. Just before the accident the collector had been hoisted nearly, but not quite far enough, when the two blocks came together, and it became necessary to unfasten the tackle and rearrange the blocks so that the additional hoisting could be accomplished. To do this, it was necessary to temporarily secure the collector in place, while the fall and tackle was unfastened and rearranged.

The plaintiff and other servants of the defendant, fellow-servants of the plaintiff, had placed planks, blocks and props under the collector for this purpose, and the plaintiff was on top of the collector unfastening the tackle, when it fell a few feet and the plaintiff was thrown to the roof of the boiler house sustaining some, but not very serious, injury.

There is no intimation that any of the appliances furnished by the defendant were insufficient for the purpose, or that there was not an abundance of suitable materials of all kinds with which to

do this work of hoisting. Nor is there any claim made that the servants employed by the defendant were incompetent or insufficient in number, and no allegation of that kind is contained in the writ.

The accident was unquestionably caused by the failure of those engaged in securing this collector in its temporary position, while the tackle was to be unfastened, to exercise sufficient care. But this was the fault of the plaintiff and his fellow-servants, or some one or more of them. The defendant had performed its full duty when it had provided suitable appliances necessary for the work of hoisting and placing in position this collector, and had employed competent and sufficient workmen.

But it is urged that the defendant's superintendent, by reason of his entire superintendence of this work, and of the absence of the employer, was not a fellow-servant of the plaintiff, but that he was a vice-principal; that he had the immediate supervision of the work and that he was negligent in not giving more explicit instructions as to temporarily securing the collector, and in not himself seeing that this was properly and safely done, and that the defendant is liable for any negligence of his.

The doctrine that a superior servant is, on that account, a vice-principal representing his master, rather than a fellow-servant with others employed by the same master and engaged in the same work, does not prevail in this state, and is not supported by the weight of authority. The master's liability to one servant for the negligence of another, in no way depends upon the superior rank of the negligent servant. A servant of any grade may be employed in the discharge of the particular and personal duties which the master owes to the servant, as when he is engaged in the duty of providing safe, suitable and sufficient machinery and appliances. While engaged in such employment, although at other times he may be only a fellow-servant with other employees, he becomes a vice-principal and his master is liable for his negligence, because the performance of these duties can not be delegated by a master so as to relieve himself from the consequence of negligence in these respects. The test which determines the master's liability for the

negligence of one employee whereby injury is caused to another, is the nature of the duty that is being performed by the negligent servant, at the time of the injury, and not the comparative grades of the two servants. *Beaulieu* v. *Portland Company*, 48 Maine, 291; *Blake* v. *Maine Central Railroad Company*, 70 Maine, 60; *Doughty* v. *Penobscot Log Driving·Company*, 76 Maine, 143; *Conley* v. *Portland*, 78 Maine, 217; *Dube* v. *Lewiston*, 83 Maine, 211; and the recent case of *Rounds* v. *Carter*, ante, p. 535. See also the very full and exhaustive collection of authorities upon this question in 12 Am. and Eng. Encyl. of Law, 2d. Ed. 933, et seq.

In *Donnelly* v. *Granite Company*, 90 Maine, 110, the court speaks of the superintendent as a vice-principal, standing in the place of the defendant, but the alleged negligence of this superintendent was in the performance of those duties which the law imposes upon an employer, in providing for the safety of his servants, and the court merely decided, in accordance with the universal doctrine, that the servant is not required to take the risk of carelessness of those who undertake to discharge, under the master's directions, the master's duty towards him, even if they are also servants of the same master.

In this case the superintendent represented the defendant at Portland and was undoubtedly in the position of a vice-principal while he was engaged in the performance of those duties that the defendant owed to its employees, in providing all necessary and proper appliances and materials, both as to quantity and quality. But in doing the work of hoisting this dust collector into its position, he was a fellow-servant of the plaintiff who was employed for and engaged in carrying out the same purpose, and even if any negligence can be attributed to the superintendent in the performance of this work of temporarily securing the collector, necessarily incidental to the employment of both the superintendent and the plaintiff, it was the negligence of the fellow-servant for which the defendant is not liable according to the unbroken line of authorities in this state.

The case discloses no negligence upon the part of the defendant, and no circumstances from which such negligence can properly be

inferred.   In rendering a verdict for the plaintiff the jury must have been influenced by some improper motive.

*Motion sustained.*

*New trial granted.*